UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| JOHN MASON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ARTWORK PICTURES, LLC, a Delaware ) <br> limited liability company; EDGARD ) <br> MEINHARDT-ITURBE, an individual; and ) <br> DOES 1 through 20, inclusive, ) <br> ) <br> Defendants. ) | 3:03-cv-00188-LRH (VPC) <br><br> <u>ORDER</u> |

Presently before this court is Plaintiff John Mason's motion for summary judgment (#31[1]). Defendant Edgard Meinhardt-Iturbe has filed a "Motion to Oppose Plaintiff's Motion for Summary Judgment" and a motion for extension of time (##34 & 35). Plaintiff has filed a reply and opposition to Defendant's request for an extension of time (#36).

### **FACTS AND PROCEDURAL HISTORY**[2]

Plaintiff, Artworks Pictures, LLC ("Artworks") and its president, Defendant Edgard Meinhardt-Iturbe entered into two contracts providing that Plaintiff would perform legal work relating to the production of a motion picture, which was to be entitled, "Bolivar the Liberator" ("Bolivar"). The first contract was for Mason's consulting services regarding Bolivar

---

[1] References to (#XX) refer to the court's docket.

[2] This court has previously considered a motion for summary judgment in this matter. Where the facts have not changed, the court has relied upon its prior order.

1  ("Consulting Agreement"), and the other was a thirty-six month retainer agreement for legal
2  representation of Artworks on issues other than the production of Bolivar ("Retainer
3  Agreement").  The total potential contract amount for the Consulting Agreement was $1,100,000.
4  For the Retainer Agreement, it was $450,000.  In total, the potential amount to be paid under the
5  contracts was $1,550,000.  Defendant personally guaranteed the agreements.

6        In April 2003, Plaintiff filed a Complaint in this action to recover $1,050,019, the amount
7  that he alleges to be due under the contracts.  Defendant, appearing *pro se*, filed an Answer,
8  Affirmative Defenses, and Counterclaims on behalf of both himself and Artworks.  In his
9  complaint, Defendant alleged that Mason did not fulfill his obligations under the contract and
10 that he committed malpractice.

11       On February 6, 2004, the court noted that Artworks, as a corporate defendant, must be
12 represented by counsel in this action and gave Artworks ninety (90) days in which to file a
13 substitution of counsel.  Artworks failed to do so, and, on July 2, 2004, the court entered a
14 default judgment against Artworks.

15       On January 31, 2005, the court entered summary judgment in favor of Plaintiff on all
16 counterclaims brought by Defendant.  The court concluded that Defendant had provided no
17 evidence which would create a material issue of fact and thereby preclude summary judgment.
18 Further, the court found that the undisputed facts demonstrated that a contract existed between
19 Plaintiff and Defendant and that Plaintiff fully completed the obligations imposed upon him by
20 that contract.  Based on these findings, Defendant's counterclaims were dismissed.

21       On June 20, 2005, the current motion for summary judgment was filed by Plaintiff,
22 seeking a determination that Defendant has breached the contracts between the parties.  On July
23 28, 2005, upon noticing that Defendant had failed to file an opposition to Plaintiff's motion, the
24 court granted Defendant an additional 30 days to file an appropriate response.  On August 29,
25 2005, Defendant filed his opposition and request for additional time.  Plaintiff subsequently filed
26 a reply.
27 ///
28 ///

**LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "'sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). *See also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).  For those issues where the moving party will not have the burden of proof at trial, the movant must point out to the court "that there is an absence of evidence to support the nonmoving party's case." *Catrett*, 477 U.S. at 325.

In order to successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be

1   evidence on which the jury could reasonably find for the plaintiff.  *See id.* at 252, 106 S.Ct. 2505.

## DISCUSSION

Defendant's opposition in this matter wholly fails to rebut any points made by Plaintiff in support of his motion.  Rather, Defendant complains that he is having trouble receiving documents in this matter and requests additional time to respond so that he might ensure he has received all relevant filings.

The court first notes that approximately six months have passed since Defendant's last filing and Defendant has yet to file a formal opposition to Plaintiff's motion.  Further, despite Defendant's protestations concerning his ability to receive documents, there is no evidence presented that service was improper or failed to occur in regard to any of the documents in this matter.  Rather, Defendant merely contends that it takes a good while for him to receive the documents.  The court, therefore, finds no grounds upon which a further extension would be warranted and turns to determining whether summary judgment is appropriate.

Upon review of the undisputed facts provided by Plaintiff, the court is convinced that summary judgment is appropriate.

Plaintiff has brought two claims against Defendant for breach of contract.  In Nevada, a breach of contract action requires proof that: (1) the parties entered into a valid and enforceable contract; (2) the plaintiff performed all obligations required under the contract or was excused from performance; (3) the defendant breached its obligations under the contract; and (4) the plaintiff suffered damages as a result.  *See, e.g.*, *Nev. Contract Servs., Inc. v. Squirrel Companies, Inc.*, 68 P.3d 896, 899 (Nev. 2003) (noting required elements for breach of warranty claim).

Plaintiff has provided competent and undisputed evidence showing that Plaintiff and Defendant entered into both the Consulting Agreement and the Retainer Agreement.  Further, Plaintiff has presented evidence that those agreements were, and continue to be, valid and enforceable contracts.  Next, Plaintiff has provided evidence, and the court concluded in the prior motion for summary judgment, that Plaintiff performed his obligations under the contracts. Third, Plaintiff had demonstrated he was not paid for his work, demonstrating a breach by

1  Defendant. However, the court is unable to determine the exact amount of damages incurred.
2  While Plaintiff's brief alleges a sum of $1,050,019, the citation to the record points to a
3  paragraph of Plaintiff's declaration that was not filed with the court.[3] With no evidence to
4  support the alleged damages, the court cannot enter summary judgment on the damages element
5  of these claims.
6        Defendant has provided no evidence which contradicts Plaintiff's proof on any of the
7  essential elements for a breach of contract claim. Accordingly, summary judgment is appropriate
8  on these claims to the extent discussed above.
9        Plaintiff has also brought a claim for breach of the implied covenant of good faith and fair
10  dealing. "When one party performs a contract in a manner that is unfaithful to the purpose of the
11  contract and the justified expectations of the other party are thus denied, damages may be
12  awarded against the party who does not act in good faith." *Hilton Hotel Corp. v. Butch Lewis*
13  *Prod., Inc.*, 808 P.2d 919, 924 (Nev. 1991). Plaintiff has provided evidence that Defendant made
14  repeated promises to pay that were never fulfilled and which caused Plaintiff to continue working
15  without pay. This is circumstantial evidence of a bad faith motive to Defendant's actions.
16  However, the "question of good faith is a question of fact." *Mitchell v. Bailey & Selover, Inc.*,
17  605 P.2d 1138, 1139 (Nev. 1980). In this instance, Plaintiff's evidence does not foreclose the
18  possibility that Defendant was acting in good faith but was simply unable to pay. The evidence
19  provided is ambiguous as to Defendant's intent. Thus, summary judgment is inappropriate on
20  this claim as a factual issue exists as to whether Defendant's actions rise to the level of bad faith.

## CONCLUSION

22  Plaintiff filed the pending motion for summary judgment in June of 2006. Despite two
23  months and one extension of time, Defendant completely failed to provide evidence in opposition
24  to Plaintiff's motion aside from referencing the evidence considered and rejected in the court's

---

[3] In both motions for summary judgment that have been filed with the court, Plaintiff's declaration has ended at page five with paragraph 30. Plaintiff cites to paragraph 38 of his declaration to support his claim for damages. Since the court cannot verify Plaintiff's factual contentions, it cannot hold in his favor on this issue.

1  prior summary judgment analysis.  Rather, Defendant requested additional time to review
2  documents which Defendant admitted had been properly served.  Then, even after several months
3  had passed in which further document review could be had, Defendant failed to file any sort of
4  opposition to Plaintiff's motion.
5       Despite these shortcomings, the court carefully considered the evidence Plaintiff provided
6  in support of the pending motion.  Upon review, the court found competent evidence to support
7  summary judgment on Plaintiff's claims for breach of contract but noticed an error which
8  precluded summary judgment on the issue of damages.  Further, the court found a material issue
9  of fact in Plaintiff's breach of the covenant of good faith and fair dealing claim.
10       It is therefore ORDERED that Plaintiff's Motion for Summary Judgment (#31) is
11  GRANTED in part and DENIED in part;
12       Plaintiff has provided sufficient evidence to demonstrate liability for breach of contract,
13  but has not provided undisputed facts to establish damages.  Further, a material issue of fact
14  exists which precludes summary judgment on Plaintiff's good faith and fair dealing claim.
15       It is further ORDERED that Defendant's Motion for Extension of Time to Examine Case
16  Documents (#35) is DENIED.
17       DATED this 12th day of April, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE